[Civ. No. 14533.  Second Dist., Div. Three.  Jan. 24, 1945.]

Estate of MARIA THRAMM, Deceased.  ERNST THRAMP et al., Appellants, v. BANK OF AMERICA NATIONAL TRUST AND SAVINGS ASSOCIATION (a National Banking Association), Respondent.

J. V. McDermott for Appellants.

A. S. Goldflam for Respondent.

SHINN, J.—The instant appeal was taken from an order interpreting the will of Maria Thramm.  The will disposed of the estate which remained after the payment of debts and expenses as follows: "To Mr. Ernst and Walter Thramp now living in Berlin Germany, 37 Steinmetz Str $2000 each and if they be deseased to their heirs.  Also my husband's watch, his mother's diamot ring, cuff buttons and old ring should go to Ernst and Walter Thramp"; then followed eleven specific bequests of cash, jewelry and United States war bonds to relatives and friends in the United States.  Bank accounts, trust deeds and other securities were listed and described in detail, and following this the will provided: "A year after my death my estate should be settled if it is impossible to do so, with Germany, then everything should go to my brothers Otto & Fred Tilsner and *her* children."

The court construed this clause to mean "that if the war between Germany and the United States is not concluded within one year after testatrix' death then the sum of $4,000 shall go in eight equal shares to the following persons, to wit: [naming Otto Tilsner and Fred Tilsner and their six children]."

Notice of the hearing of the petition for interpretation of the will was served upon the Alien Property Custodian. The order interpreting the will recites that the German beneficiaries were represented at the hearing by an attorney duly admitted to practice in California. The notice of appeal is signed by him as attorney for such heirs and it is stated in the brief that he was appointed to represent them by the Alien Property Custodian. The appeal is taken by Ernst and Walter Thramp from the portion of the order above quoted.

The will was olographic and was dated February 3, 1942. Mrs. Thramm died June 7, 1943, and the order interpreting the will was made December 2, 1943. The petition of the executor for interpretation of the will alleged that the executor was in doubt as to how the estate should be distributed. No facts were alleged as to the necessity for an interpretation of the will prior to the hearing on a petition for distribution. The executor, so far as appeared, had nothing to do apart from the usual procedural steps, to and including the rendering of a final account and petition for distribution.

Section 588 of the Probate Code reads as follows: "In all cases where no other or no different procedure is provided by statute, the court on petition of the executor or administrator may from time to time instruct and direct him as to the administration of the estate and the disposition, management, operation, care, protection or preservation of the estate or any property thereof. . . ."

It may be questioned whether the section adds anything to the general powers which the court would have without it, but, if it does, the authority conferred does not extend beyond the giving of instructions in those matters as to which no other and different procedure is provided. It does not provide alternative procedure and hence does not empower the court at any stage of the proceedings when the executor may petition for instructions as to the management of the estate, to make an order which purports to be an adjudication as to the persons who take under the will and the shares which they take. The proceedings which follow the filing of a peti-

tion for partial or final distribution (or to determine heirship) constitute the procedure for the determination of those questions. The court in probate has no power to decide how an estate is to be distributed through probate, except in proceedings expressly authorized for that purpose, and none are authorized for the trial of the issues that may be presented other than proceedings for distribution, or to determine heirship. Any intermediate orders giving directions to an executor for his guidance during the course of the administration, which might require an interpretation of the will, must be tentative in effect, insofar as they relate to matters which must be determined by decree of distribution. The controversy here was one which could not be determined by an order purporting to interpret the will. The order must therefore be reversed.

The views of the parties as to the disputed clause are fully set forth in the briefs, but for the reasons heretofore stated the appeal cannot be decided on the merits. Although the reversal is on a point of procedure, we deem it proper to say, after considering the merits of the appeal, that if the question were properly before us we would be unable to agree with the conclusion of the trial judge as to the meaning of the language in question. We would suggest that the point be reconsidered with the aid of the briefs that have been filed upon the appeal. These may contain a more thorough presentation than was made originally. If, after mature consideration, the court should conclude that the disputed clause means that Ernst and Walter Thramp or their heirs (as the case may be) were to take their bequests unless it was impossible, by reason of the existence of a state of war between this country and Germany, to close the administration and distribute the estate within a year after the death of testatrix, and if it should be found not to have been impossible to so distribute the estate, the question would then be presented whether Ernst and Walter Thramp or their heirs had been able to establish their right to take the bequests under sections 259 and 259.1 of the Probate Code. The question would be whether proof had been made of the existence of a reciprocal right upon the part of citizens of the United States to take by succession or testamentary disposition from estates of persons dying in Germany, in accordance with the provisions of said sections. The only purpose of these suggestions

is to expedite the disposition of questions which remain for decision before the estate can be closed. They are not intended to and could not foreclose a full consideration of the questions in the trial court or on any further appeal. They are made, however, after a careful study of the question as presented by the briefs and upon the present record.

The order is reversed.

Desmond, P. J., and Wood (Parker), J., concurred.