[Civ. No. 15570.  First Dist., Div. Two.  Feb. 5, 1953.]

MARJORIE MALLARINO et al., Petitioners, v. THE SU-
PERIOR COURT OF THE CITY AND COUNTY OF
SAN FRANCISCO, Respondent; EMMA TRAUNG
HAMMERSMITH, as Executrix, etc., Real Party in
Interest.

Delany, Fishgold & Minudri for Petitioners.

Marshall E. Leahy, John F. O'Dea and Philip S. Ehrlich for Respondent.

NOURSE, P. J.—Petitioners allege they are beneficiaries under the will of George Anthony Kearns, who left all his estate to his fiancée Emma Traung Hammersmith and made her executrix of his will, but in a separate provision directed her to provide for the petitioners, his nieces. The executrix petitioned the superior court for instructions as to the interpretation of this provision. That court held that the words were precatory. On appeal this court held them to be mandatory. The Supreme Court took over and held that the clause was of uncertain meaning and that the superior court had erred in refusing to hear extrinsic evidence of circumstances which could clarify testator's intention. (*Estate of Kearns,* 36 Cal. 2d 531 [225 P.2d 218].)

When the case went back to the superior court petitioners moved to set it on the jury calendar, which motion was denied

on July 23, 1952. On September 11, 1952, petitioners filed a petition to Determine Interest in Estate, and asked a jury trial to which they were entitled under the express provision of section 1081, Probate Code. On September 25, 1952, the attorney for the executrix applied for the placing of the original matter, remanded by the Supreme Court, for trial on October 2, 1952, without notifying petitioners. The matter was placed on the calendar for said date.

Petitioners wish to have this trial prohibited as an unnecessary duplication of the trial of their petition to determine their interest in the estate, which petition, they contend, has made the petition for instruction of the executrix moot, and because the court has no jurisdiction to set the case for trial and to proceed without notification of petitioners.

Petitioners contend that also in the remanded proceeding for instruction they were entitled to a jury trial because triable issues of fact were presented. ■ The right to jury trial in probate matters when there is no specific provision granting the right expressly for that special proceeding, depends on whether there is statutory authority for the formation of triable issues of fact in the particular proceeding. (*Budde* v. *Superior Court*, 97 Cal.App.2d 615, 621 [218 P.2d 103].) In *Estate of Van Deusen*, 30 Cal.2d 285, 292 [182 P.2d 565], it was held that there was no right to a jury trial as to a petition for directions to a testamentary trustee as to substantial rights of the beneficiaries under the trust because section 1120, Probate Code, providing for the instructions makes no provision for such issues of fact. ■ Section 588, Probate Code, as to instructions and directions to the executor does not contain any more provision for issues of fact than section 1120, so that on the authority of *Estate of Van Deusen* there does not seem to be a right to jury trial in the instruction procedure.

Petitioners however contend that the proceedings on the petition for instruction were superseded by the filing of their petition to determine heirship. Some cases seem to go further than that. In *Estate of Thramm*, 67 Cal.App.2d 657, 659 [155 P.2d 119], and *Estate of Clippinger*, 75 Cal.App.2d 426, 435 [171 P.2d 567], it was held that section 588, Probate Code, gives power only to decide by instruction to the executor matters for which no other procedure is provided; that for the determination of heirship and interest in estates the proceedings which follow the filing of a petition for partial or final distribution or the special procedure to determine heir-

ship are provided and that therefore a determination by way of instruction is void. However in *Estate of Howe*, 31 Cal. 2d 395, 397 [189 P.2d 5], later in date than the two preceding cases, it was held that the subsidiary character of section 588, Probate Code, did not prevent instructions as to an issue of ownership between the estate and a third party as there was no express statutory procedure for such question; the fact that such matter could be tried on objection to the settlement of the executor's account did not prevent the applicability of section 588. Following this case it was held in *Estate of Munson*, 86 Cal.App.2d 67, 71 [194 P.2d 70], that the fact that a substantial question (charging of a note against a certain interest in the estate) could be litigated at the end of the trust did not prevent its determination by instruction under section 1120, Probate Code. ██ Possibly the conclusion could be made from the last mentioned case that the subsidiary character of section 588, Probate Code, does not prevent its applicability at a time when no other special proceeding is available although such a procedure might become available at a later time. At the time the executor petitioned for instructions distribution proceedings were not yet available. ██ The procedure of section 1080, Probate Code, to determine interest, which is certainly an express statutory procedure for the matter in dispute in this case, can only be initiated by a person claiming to be entitled to distribution and was therefore not available to the executrix, so long as the beneficiaries under the will did not act. ██ It would seem however that now that the beneficiaries have instituted the special procedure provided for this purpose, which expressly requires a jury trial, there is no reason for continuing a subsidiary trial, without jury, of dubious validity and that such proceeding should be prohibited as prayed.

██ Though we have been unable to find any authority directly in point the reasoning of the cases seems to be that when a party is given the statutory right to a trial by jury on an issue of fact determining his right to participate in the estate, that right should not be defeated by a predatory proceeding before the court sitting without a jury designed solely to prejudge the very issue of fact which the jury must thereafter determine.

Enforcement for this line of reasoning is found in the recent case of *Swift* v. *Superior Court*, 39 Cal.2d 358 [247 P.2d 6]. That case involved the question of the proper procedure in probate when one party had filed a petition for probate

of the will and the other had filed a contest with a demand for a jury trial. In support of its writ of prohibition restraining the court proceeding prior to the contest before the jury the Supreme Court said: (pp. 363, 364) ''If the trial court, in its discretion, is allowed to proceed with the hearing of the preliminary proof in support of the petition for probate in the absence of a jury, two separate proceedings will necessarily result. It will then frequently happen that evidence introduced by the proponents upon the hearing of the preliminary proof before the court alone will have to be repeated before the jury, as such evidence is often material in the consideration of the issues raised by the contest.'' And again (p. 364): ''In the interest of establishing a definite rule of procedure to be followed under such circumstances, we believe that it is appropriate for this court to declare that when a will is contested before probate and either party demands a jury trial of any issue as to which the right to a jury trial exists (Prob. Code, § 371) the trial court cannot proceed with any phase of the hearing in the absence of a jury but must impanel a jury at the outset.''

Respondents contend that prohibition should not be granted because it does not appear that petitioners made appropriate demand in the superior court that their demand for a jury trial should first be granted; also that it does not appear that they have not an adequate remedy by appeal. ■ On the first point *Rescue Army* v. *Municipal Court*, 28 Cal.2d 460 [171 P.2d 8], is related. There the court said (p. 465): ''The petition should affirmatively allege that the challenge to jurisdiction was raised in the lower court.'' But here the demand for a jury trial (which as we have said suspends the right of the court to proceed independently) is an adequate challenge to the court's jurisdiction to proceed with a prior hearing before the court alone.

■ It is obvious that the remedy by appeal is not adequate under the circumstances of the case. One appeal has already been had, resulting in a reversal of the same court on the same issues. Petitioners have no assurance that they would fare better in a second hearing. The question whether a petitioner has an ''adequate remedy'' (Code Civ. Proc., § 1103) is one for the court entertaining the application primarily to decide. Where further proceedings would merely subject the parties ''to further vexation and useless expense'' (*Davis* v. *Superior Court*, 184 Cal. 691, 696 [195 P. 390])

the court would be reluctant in its duty if it refused, on the ground of the remedy by appeal alone, to prohibit such useless proceeding.

Let a peremptory writ issue as prayed.

Goodell, J., and Dooling, J., concurred.

A petition for a rehearing was denied March 7, 1953.