[Civ. No. 32181.   Second Dist., Div. One.   Aug. 23, 1968.]

Estate of HENRY HOFFMAN, Deceased. UNION BANK, as Executor, etc., Petitioner and Respondent, v. WENDY HOFFMAN, a Minor, etc., Claimant and Appellant; EDWARD HOFFMAN, Claimant and Respondent.

Martin S. Stolzoff and Morton C. Devor for Claimant and Appellant.

Taecker & Marshall and Robert M. Marshall for Petitioner and Respondent.

Morton Minikes for Claimant and Respondent.

FOURT, J.—Robert Hoffman, guardian ad litem of the minor Wendy Hoffman, a beneficiary under the will of Henry Hoffman, deceased, appeals from two orders issued by the superior court following hearings on petitions for instructions filed by Union Bank as executor of Henry Hoffman's estate.

Union Bank filed four petitions for instructions with the court: (1) Petition for Instructions Re: Defense of Litigation Filed Against Executor (Case No. 885,530 entitled Arnold Hoffman, et al. v. Union Bank, et al.); (2) Petition for Instructions Re: Defense of Litigation Filed Against Executor (Case No. 892,453 entitled Ann Hoffman v. Union Bank, et al.); (3) Petition for Instructions Re: Identity of Grandchildren of Decedent; and (4) Petition for Instructions Re: Necessary Parties to Litigation. The court entered its orders on the first two petitions instructing the executor to defend both actions and the propriety of these orders is not disputed. This appeal is from the court's orders purporting to determine the identity of decedent's grandchildren and naming certain grandchildren necessary parties to the above-mentioned litigation.

Appellant contends that the court was without jurisdiction to determine on a petition for instructions the identity of the grandchildren entitled to inherit; that even if the court's jurisdiction was properly invoked, the court erred in excluding extrinsic evidence which was offered to explain the testator's true intention; and that the order is incomplete and void because it merely relates that four named grandchildren are included in the relevant will provisions but does not purport to determine who shall ultimately constitute the class. For the reasons hereinafter set forth, we conclude that the appellant's first contention is well taken, and it is therefore unnecessary to consider the additional contentions.

The record shows that Henry Hoffman, hereinafter sometimes referred to as the testator, died a resident of Los Angeles County and his last will and codicil were duly admitted to probate on September 3, 1965. Thereafter Union Bank, as executor of the estate, was named a defendant in two separate actions filed by parties seeking, *inter alia,* to impose constructive trusts for their benefit on certain portions of the estate assets. All living grandchildren of Henry Hoffman are named parties defendant in Case No. 892,453 but the only grandchild named a defendant on the complaint in Case No. 885,530 is Wendy Hoffman.

The executor then filed the subject petitions for instructions and requested in its petition to determine identity of grandchildren that the court construe the provisions of Paragraph FIFTH B(g) of the decedent's will.

This petition and the petition to name necessary parties to litigation alleged in substance that the testator's three sons had filed claims against the estate alleging the existence of a contract between the testator and the mother of these claimants, fully executed by their mother, in which the testator agreed to bequeath a certain portion of his estate to these claimants, which he failed to do; that the executor rejected each of these claims; that thereafter these claimants filed action No. 885,530 in the superior court based upon the rejected claims; that the executor accepted service of summons and obtained an extension of time to plead in order to petition the probate court for instructions; that only one grandchild, namely, Wendy Hoffman, was named as a defendant in action No. 885,530; that other persons are in existence who may qualify as remaindermen interested in the estate and affected by the outcome of the litigation; that the executor believes that in order to protect the interests of the estate and those interested therein, there should be brought into the action as necessary parties all of the now living grandchildren of the testator who may ultimately qualify as remaindermen; that for this purpose the executor petitions the court for instructions requesting (a) that the court construe the relevant provisions of the will to determine who are the living grandchildren qualified as remaindermen thereunder, and (b) that the court order such grandchildren to be brought into the subject litigation as necessary parties defendant in order to effect a final resolution of the controversy.

The pertinent provisions of Paragraph FIFTH B(g) state: "All of the rest, residue and remainder of my estate shall be distributed among my then living grandchildren, other than those who are the issue of my son, LEONARD HOFFMAN, share and share alike, or to whomsoever of them shall survive, it being my express intention that any issue of my said son, LEONARD HOFFMAN shall not participate in my estate. My present living grandchildren, other than those who are the issue of LEONARD HOFFMAN, are BRETT HOFFMAN and WENDY HOFFMAN. In the event that there shall be no such grandchildren of mine then surviving, other than the issue of LEONARD HOFFMAN, then said residue shall be distributed among three of my four sons . . ."

The testator at the time of his death left surviving him both blood and adopted grandchildren, and grandchildren specifically disinherited. Kimberly Hoffman (born after the testator's death) and Wendy Hoffman are blood grandchildren and the issue of the testator's son Robert Saul Hoffman, also the father of Brett Hoffman who predeceased the testator. Stephanie Hoffman Leek, another blood grandchild, is the issue of the testator's son Arnold Hoffman. Also surviving the testator are two "adopted" grandchildren: Edward A. Hoffman, legally adopted by Arnold Hoffman, and Susan Hoffman Swartz, who apparently was never legally adopted by Arnold Hoffman. Dale Hoffman and Todd Hoffman, issue of the testator's son Leonard Hoffman, were specifically disinherited. The only two grandchildren specifically named in Paragraph FIFTH B(g) of the will were Wendy Hoffman and Brett Hoffman.

The court made the following order in response to the Petition for Instructions Re: Identity of Grandchildren of Decedent: "IT IS FURTHER ORDERED, ADJUDGED AND DECREED that among the living grandchildren of HENRY HOFFMAN, Deceased, as referred to in Paragraph FIFTH B(g), at Page 5 of his Last Will and Testament there are included KIMBERLY HOFFMAN, WENDY HOFFMAN, EDWARD HOFFMAN and STEPHANIE HOFFMAN LEEK."

The court entered the following order in response to the Petition for Instructions Re: Necessary Parties to Litigation: "IT IS ORDERED, ADJUDGED AND DECREED that the following grandchildren of the decedent, namely, WENDY HOFFMAN, KIMBERLY HOFFMAN, EDWARD A. HOFFMAN, and STEPHANIE HOFFMAN LEEK, are necessary parties defendant to two certain actions, . . ."

Appellant initially contends that the petition for instructions is not the proper procedure to invoke the jurisdiction of the probate court to determine those grandchildren who may be entitled to share in the residue. Probate Code section 588 provides in pertinent part: "In all cases where no other or no different procedure is provided by statute, the court on petition of the executor or administrator may from time to time instruct and direct him as to the administration of the estate and the disposition, management, operation, care, protection or preservation of the estate or any property thereof." This section has been interpreted to limit the probate court's intermediate jurisdiction and defer final consideration on the

issues concerning distribution rights until application by petition for distribution or to determine heirship.

■ ". . . [Probate Code section 588] does not provide alternative procedure and hence does not empower the court at any stage of the proceedings when the executor may petition for instructions as to the management of the estate, to make an order which purports to be an adjudication as to the persons who take under the will and the shares which they take. The proceedings which follow the filing of a petition for partial or final distribution (or to determine heirship) constitute the procedure for the determination of those questions. The court in probate has no power to decide how an estate is to be distributed through probate, except in proceedings expressly authorized for that purpose, and none are authorized for the trial of the issues that may be presented other than proceedings for distribution, or to determine heirship." (*Estate of Thramm,* 67 Cal.App.2d 657, 658-659 [155 P.2d 119].)

In a subsequent case the court observed: "In *Estate of Thramm,* [citation], and *Estate of Clippinger,* [citation], it was held that section 588, Probate Code, gives power only to decide by instruction to the executor matters for which no other procedure is provided; that for the determination of heirship and interest in estates the proceedings which follow the filing of a petition for partial or final distribution or the special procedure to determine heirship are provided and that therefore a determination by way of instruction is void." ·(*Mallarino* v. *Superior Court,* 115 Cal.App.2d 781, 783-784 [252 P.2d 993].) At the time of these decisions the procedure to determine interest (Prob. Code, § 1080) could be initiated only by a person claiming to be entitled to distribution and was not available to the executor so long as the beneficiaries did not act. The executrix in the *Mallarino* case obtained an order, on a petition for instructions as to the interpretation of a specific will provision, which was reversed on appeal on the basis that the lower court erred in refusing to hear extrinsic evidence to clarify the testator's intention. Subsequently certain beneficiaries under the will filed a petition to determine interest in the estate and requested the jury trial to which they were entitled (Prob. Code, § 1081). When the attorney for the executrix thereafter attempted to place the original matter, remanded by the Supreme Court, on calendar for trial, the appellate court granted prohibition to the petitioners. In so doing, the court observed:

"Though we have been unable to find any authority

directly in point the reasoning of the cases seems to be that when a party is given the statutory right to a trial by jury on an issue of fact determining his right to participate in the estate, that right should not be defeated by a predatory proceeding before the court sitting without a jury designed solely to prejudge the very issue of fact which the jury must thereafter determine." (*Mallarino* v. *Superior Court, supra,* 115 Cal.App.2d 781, 784.)

Respondent contends that the probate court's order is proper because it is merely tentative and does not constitute a final determination of these issues. It has been held, however, that an interlocutory determination of the issues relating to heirship and rights of distribution is improper (*Bodine* v. *Superior Court,* 209 Cal.App.2d 354 [26 Cal.Rptr. 260]) and we are persuaded that for similar reasons a tentative determination of those issues on a petition for instructions cannot be upheld. Probate Code section 1080 presently extends the right to institute proceedings to determine heirship or interests in an estate to the executor. "When the personal representative is petitioner for determination of heirship he represents all parties in interest [citations], at least those who do not appear and assert their own interests." (*Bodine* v. *Superior Court, supra,* at p. 360.) The executor in the *Bodine* case filed such a petition and the court, after waiver of jury trial, established as to who were the heirs of the testatrix but found it not feasible to then rule upon the question as to who were the heirs of her deceased husband entitled to take under her will and purported to enter an interlocutory decree reserving this issue, a procedure which the appellate court concluded was improper. (*Bodine* v. *Superior Court, supra,* at p. 358.) The court reasoned that the petition for determination of heirship is a statutory proceeding in rem which does not allow two separate decrees. "While a cause may proceed to separate judgments against persons who are severally and personally liable, as in a personal injury action, we have been cited no authority for a severance of an action in rem so as to try different parts of the res at different times and before different judges or juries, and we know of no such authority. That would be inconsistent with the nature of the proceeding for the judgment binds the world as to the status of the *res* which is before the court." (*Bodine* v. *Superior Court, supra,* at p. 362.) That judgment, which is conclusive against the whole world, forms the basis for the decree of distribution which is to follow. Although a different procedure was attempted in

the present case, the logic of the *Bodine* decision is persuasive because only a conclusive judgment should be allowed to affect, as in this instance, the rights and obligations of persons to be represented in litigation which presumably will conclude the interests of some of them in and to substantial assets.

In an action on a contract to make a will, although there is no specific performance in the strict sense, equity gives relief sometimes called "quasi specific performance." "Though the estate may be probated and the property distributed accordingly, the court will, in an action by the promisee, impose a constructive trust upon any particular property in the hands of the individual distributee. . . .

"The action in these cases is against the distributee personally, and not against the estate; and it is independent of the will and the probate proceeding. Each distributee is individually held as a constructive trustee solely of the property which came to him, and none is interested in the granting or denial of similar relief as to any other. Where there are a number of legatees and devisees, they would all appear to be 'necessary' parties in the sense that the main issue, the validity of the testamentary disposition of the property of decedent, affects their property interests, and the entire matter, the disposition of all of the decedent's property, cannot be finally settled without a binding adjudication for or against every legatee or devisee. Hence, the court will usually order them served and brought in unless there is some good reason for not doing so. . . . The absent defendants, not being before the court, will not be bound by the judgment, whether favorable or unfavorable, and their property interests will not be affected." (*Bank of California* v. *Superior Court,* 16 Cal. 2d 516, 524-525 [106 P.2d 879].) "The heirs, devisees and legatees, not the executor or administrator, are necessary parties to such an action. (Citations.) The claimant need not join them all in one action. He may litigate separately with them. Those not joined are not bound by any judgment that may be rendered. [Citation.]" (*Estate of McSweeney,* 107 Cal.App.2d 140, 146 [236 P.2d 846].) Although the executor of the estate may be joined as a defendant, he is neither a necessary nor an indispensable party. (*Bank of California* v. *Superior Court, supra; Estate of McSweeney, supra.*) The persons principally and individually concerned are the beneficiaries, who may seek to intervene and are entitled to defend the litigation.

The probate court's order in the instant case pur-

ports to determine, tentatively only, those persons who are the living grandchildren of Henry Hoffman entitled as remaindermen under his will and thus interested in the outcome of the litigation, and those persons who are not so entitled or interested. It conflicts with good reason and logic that such an inconclusive determination should prevail, because the parties affected are entitled to a determination upon which they can rely in making their legal judgments. Are those grandchildren not named in the court's order thereby foreclosed from intervention in the litigation? Are those grandchildren thus named assured that the expense incurred in asserting a successful defense to the litigation will redound to their benefit and protect asserted interests of which they may not be subsequently deprived by the probate court's final judgment concluding interests in the estate? The purportedly "tentative" order of the probate court does not and cannot place the positions of the parties in an accurate perspective so that they may take those steps, and only those steps, reasonably necessary to protect their interests. We conclude that the order was improperly made and entered.

Merely as a matter of emphasis, we turn to appellant's contention that the will is ambiguous and the court erred in excluding extrinsic evidence bearing upon the intentions of the testator. We have carefully read and reviewed the will in its entirety, especially those provisions describing the grandchildren who shall be entitled to participate in the remainder.[1] The provisions relevant to the executor's petitions are, indeed, ambiguous since it cannot be determined therefrom, by application of any of the customary rules of interpretation, which grandchildren the testator intended to include as objects of his bounty.

---

[1] "b. *Grandchildren*—The sum of One Hundred Dollars ($100.00) per month to or for the benefit of my grandson, BRETT HOFFMAN, for the furthering of his education; the sum of One Hundred Dollars ($100.00) per month to or for the benefit of my granddaughter, WENDY HOFFMAN, for the furthering of her education.

"Said payments shall cease when the youngest of *my then living grandchildren heretofore mentioned, namely, Brett and Wendy,* attains the age of twenty-one (21) years. In the event that the net income from the Trust Estate shall ever cease to produce the monthly payments of One Hundred Dollars ($100.00) each hereinabove provided for, then I direct the Trustee to invade so much of the principal as shall be necessary to provide for said monthly payments of One Hundred Dollars ($100.00) each.

"When the youngest of *my then living grandchildren, namely, Brett and Wendy,* attains the age of twenty-one (21) years, or in the event that both of them shall fail to attain the age of twenty-one (21) years, then

The testator used in his will, at a time when he apparently knew that he had other grandchildren, both blood and adopted, the words ''My present living grandchildren, other than those who are the issue of LEONARD HOFFMAN, [specifically disinherited] are BRETT HOFFMAN and WENDY HOFFMAN.'' Without further knowledge of the surrounding circumstances it is impossible for the court to speculate as to the meaning intended for the words ''my then living grandchildren,'' not enumerated by name, in Paragraph FIFTH B(g). The only two grandchildren named in the life income provisions of Paragraph FIFTH B ''Residuary Trust'' were Brett Hoffman and Wendy Hoffman, both children of Robert Saul Hoffman. Brett predeceased the testator; Wendy survived, and Kimberly was thereafter born to Robert Saul Hoffman. It might reasonably be concluded that the testator intended to benefit all of the issue of Robert Saul Hoffman since the only grandchildren named in the residuary trust were in fact issue of that son, or that he intended to benefit only Wendy Hoffman. Either of these interpretations may be strengthened by the fact that in a codicil dated only a year later the testator excluded his son Arnold Hoffman from participation in the residue. The result

---

upon the date of the death of the last to die, the Trustee shall distribute the Trust Estate as follows:

''a. To MICHAEL STAVERS, the sum of $1,000.00

''b. To LESLEY STAVERS, the sum of $1,000.00

''c. To SHELLEY STAVERS, the sum of $1,000.00

''d. To my son, SEYMOUR HOFFMAN, the sum of $25,000.00

''e. To my son, LEONARD HOFFMAN, the sum of $1,000.00

''f. To my son, ROBERT SAUL HOFFMAN, the sum of $25,000.00

''g. All of the rest, residue and remainder of my estate shall be distributed among *my then living grandchildren,* other than those who are the issue of my son, LEONARD HOFFMAN, share and share alike, or to whomsoever of them shall survive, it being my express intention that any issue of my said son, LEONARD HOFFMAN shall not participate in my estate. *My present living grandchildren, other than those who are the issue of Leonard Hoffman, are Brett Hoffman and Wendy Hoffman,* In the event that there shall be no such grandchildren of mine then surviving, other than the issue of LEONARD HOFFMAN, then said residue shall be distributed among three of my four sons, share and share alike, namely, ARNOLD HOFFMAN, SEYMOUR HOFFMAN, and ROBERT SAUL HOFFMAN, or to whomsoever of them shall survive. In the event that all of my aforesaid three sons shall then be deceased, then said residue shall be distributed to the following named charities, share and share alike, as follows:

''1. AMERICAN CANCER SOCIETY, which is located at 817 South Western Avenue, Los Angeles, California

''2. UNITED JEWISH APPEAL, which is located at 590 North Vermont, Los Angeles, California

''3. CITY OF HOPE, which is located at 1500 East Duarte Road, Duarte, California.''

(Italics added.)

is that the testator specifically disinherited his son Leonard and Leonard's children; he subsequently disinherited his son Arnold without mention of Arnold's children; he made bequests to Seymour who has no issue; and he made bequests to Robert Saul Hoffman, specifically including in his will the names of the then known issue of Robert Saul Hoffman as grandchildren, possibly the only grandchildren he acknowledged. Although we cannot, under the circumstances, say that the trial court's interpretation of Paragraph Fifth B(g) was without foundation, we perceive other interpretations at least as compelling. The facts of this case amply illustrate good and sufficient reasons for following the statutory procedures outlined in Probate Code sections 1080 and 1081.

We conclude that the executor should not be permitted to circumvent the established statutory procedure or to obtain an advance reflection of the court's views on the interpretation of a will in this manner. The order purporting to determine the identity of the grandchildren of the decedent is invalid. The order purporting to determine the necessary parties to the litigation, which is dependent upon the order naming grandchildren, must fail with the order upon which it depends. We need not, therefore, consider the additional contentions made on this appeal.

The orders appealed from are reversed with instructions to the probate court to dismiss the petitions upon which such orders were based.

Wood, P. J., and Lillie, J., concurred.