[Civ. No. 15520. First Dist., Div. Two. Dec. 16, 1952.]

ANDREW S. GROMEEKO, Petitioner, v. SUPERIOR COURT OF THE CITY AND COUNTY OF SAN FRANCISCO et al., Respondents; HELEN P. GROMEEKO, Real Party in Interest.

Abraham Glicksberg and W. L. A. Calder for Petitioner.

Hyman & Hyman for Respondents.

DOOLING, J.—Petitioner was sued for divorce, and an accounting of properties, his wife alleging among other things as cruelty that he fraudulently obtained a Nevada divorce decree from her. By an order of April 21, 1950, the court ordered·petitioner to pay $150 monthly for support, $300 on account of counsel fees and $20 on account of costs, after petitioner had withdrawn his objection to the jurisdiction of the court on the ground that plaintiff was no longer his wife. However on August 18, 1950, petitioner gave notice of motion to set aside the pendente lite order of April 21, 1950, upon the same ground of lack of jurisdiction. When this motion came up for hearing on August 20, 1950, the wife's attorney moved for continuance. The court gave her the choice either to proceed or to accept as condition of continuance that further payments by petitioner be suspended. The wife chose the latter and the following minute order was made on August 30, 1950: "In this action, the Court, after argument by respective counsel, ordered motion for continuance granted until October 10, 1950, at 10 :00 o'clock a.m. *on condition that support payments stop pending hearing of said motion.*" (Emphasis ours.) After a demurrer to the original complaint had been sustained, the wife on October 10 filed an amended complaint in which she expressly asked annulment of the Nevada decree on the ground of fraud by the husband, lack of Nevada domicile, invalidity of appointment of the attorney who represented her in the Nevada trial, etc. At the hearing to set aside the pendente lite order the court sustained objections to questions of the wife intended to substantiate these allegations, as being an attack on the Nevada decree which were not permitted as part of that hearing, and by an order signed October 17, 1950, annulled the pendente lite order of April 21, 1950. On appeal of the wife Division One of this court on March 28, 1952, reversed the order of October 17, 1950, on the ground that a showing of the invalidity of the Nevada divorce decree should have been permitted on the

hearing of the motion to set aside the pendente lite order (*Gromecko* v. *Gromecko,* 110 Cal.App.2d 117 [242 P.2d 41], where a more complete statement of the above facts is found). Hearing in the Supreme Court was denied.

After the remittitur had come down the wife on June 2, 1952, caused an order to show cause in contempt to issue for petitioner's alleged failure to comply with the provision of the order of April 21, 1950, for payment of $150 support money per month and noticed a renewal of motion and further motion for costs and counsel fees pendente lite and thereafter on June 19, 1952, moved for stay of proceedings until petitioner had paid the arrears in said support money stated to amount to $3,300 plus interest. On June 9, 1952, petitioner had moved for rehearing of his motion to set aside the order of April 21, 1950, remanded by the District Court. On July 1st petitioner filed objection to the entertaining of any of the motions of the wife until his motion to set aside the original pendente lite order had been decided on the ground that until such time the court was without jurisdiction to take any action which required the existence of marriage and because until the determination of his motion the condition in the continuance order of August 30, 1950 "that support payments stop pending hearing of this motion" was valid and in force.

All matters mentioned were continued until August 4, 1952. After each party had argued the precedence of its motions the judge indicated that he considered the original order of April 21, 1950, in full force and effect and that if not restrained he would rule so on August 15 on the wife's motion.

We issued an alternative writ of prohibition restraining the superior court from any action nullifying the order of August 30, 1950, or requiring defendant to make payments under the order of April 21, 1950, or hearing the pending motions of the wife until further order of this court and to show cause why it should not be so restrained absolutely.

Petitioner's argument is that the reversal by the District Court of Appeal brought the proceedings back in the same position as if the order of October 17 granting the motion to set aside the pendente lite order had not been made, that the matter should proceed further with the recognition of all rights of the parties as they stood prior to the decision reversed and that the temporary stay of support payment was to continue "pending hearing" that is until decision of the motion to set aside.

■ We entertain no doubt that the order stopping payments pending hearing of the motion to vacate the support order, properly construed, is still in effect. Its purpose was expressed by the judge who made it to be to suspend the enforcement of the support order until he had ruled on the motion to vacate it, but even giving the stay order the narrowest possible construction it is perfectly clear that the *hearing* on the motion to vacate is still *pending* as a result of the reversal and remand of the previous order by the other division of this court. (*Odlum* v. *Duffy,* 35 Cal.2d 562, 564 [219 P.2d 785].)

However, says respondent, the court had jurisdiction to make the original support order. See *Gromeeko* v. *Gromeeko, supra,* where the court said, 110 Cal.App.2d page 120: "Plaintiff proved the marriage. That shifted to Andrew the burden of showing what, if anything, prevented that marriage ceremony from establishing the relationship of husband and wife between these parties, or what, if anything, later occurred to terminate that relationship. (*Bernheimer* v. *Bernheimer,* 103 Cal.App.2d 643 [230 P.2d 17]; *Thomas* v. *Thomas,* 66 Cal. App.2d 818 [153 P.2d 389]; *Bancroft* v. *Bancroft,* 9 Cal. App.2d 464 [50 P.2d 465].) Andrew did not meet that burden. Upon that hearing there was presented to the court no evidence whatsoever concerning the Nevada divorce decree or any of its incidents." From this respondent argues that because under the evidence then produced the court had jurisdiction to make the original support order it has continuing jurisdiction to interpret the order staying its enforcement and hence prohibition will not lie. The argument is persuasive but the point need not be decided. ■ Since the interpretation put on the stay order by the trial judge seems clearly erroneous and would constitute in our view a clear abuse of discretion we may treat the petition for prohibition as one for mandamus and correct the court's threatened action by the latter writ. (*Simmons* v. *Superior Court,* 96 Cal.App.2d 119 [214 P.2d 844, 19 A.L.R.2d 288].)

Petitioner also asks us to prohibit the trial court from hearing the motion for additional counsel fees and costs before hearing the motion to vacate. We see no reason to do so. On that motion petitioner can make his showing in defense based on the Nevada decree and if respondent satisfies the court of its prima facie invalidity the court will be empowered to make such order for counsel fees and costs to prosecute the litigation as it may deem justified.

A peremptory writ of mandate will issue directing the trial court to hear and decide the motion to vacate the support order of April 21, 1950, before hearing the respondent's order to show cause why petitioner should not be adjudged guilty of contempt for failure to comply with that order.

Nourse, P. J., and Goodell, J., concurred.

A petition for a rehearing was denied January 15, 1953.