[S. F. No. 19562.   In Bank.   Dec. 4, 1956.]

STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY (a Corporation), Petitioner, v. THE SUPERIOR COURT OF THE CITY AND COUNTY OF SAN FRANCISCO, Respondent; HELEN CORRICK et al., Real Parties in Interest.

Bledsoe, Smith, Cathcart, Johnson & Phelps and Joseph W. Rogers, Jr., for Petitioner.

No appearance for Respondent.

Delany, Fishgold & Freitas and Matthew M. Fishgold for Real Parties in Interest.

SPENCE, J.—Petitioner seeks a writ of mandate to compel respondent court to sever its declaratory relief action from certain personal injury actions and to proceed first with the trial of its declaratory relief action. It contends that respondent court abused its discretion (1) in ordering the consolidation for trial of the declaratory relief action and the personal injury actions; and (2) in failing to order that the declaratory relief action be tried prior to the trial of the personal injury actions. (Code Civ. Proc., § 1062a.) We have concluded that petitioner's position should be sustained as to the first point but not as to the second point.

Petitioner commenced a declaratory relief action against its policyholder Collins to determine whether its policy covered a collision of two automobiles, one of which was operated by Collins. Persons riding in both cars were injured. While the declaratory relief action was pending, several personal injury actions were filed against Collins. The personal injury actions were at issue and were consolidated for a jury trial. Thereafter the declaratory relief action was set for trial, with a jury as demanded by defendants, and for the same day previously set for trial of the personal injury actions. Petitioner's motion to vacate the order for a jury trial in the declaratory relief action was denied, and defendants' motion to consolidate that action with the personal injury actions was then granted. The trial date for the personal injury actions was not a date certain but the time when the cases should be ready for trial and thereafter would "trail," subject to being called for assignment when a department was available.

Petitioner concedes that "actions may be consolidated, in the discretion of the court, whenever it can be done without prejudice to a substantial right." (Code Civ. Proc., § 1048.) However, as petitioner contends, the consolidation here does result in such prejudice to petitioner. In seeking damages against Collins for their injuries, the riders in his car charged him with both negligence and wilful misconduct

but did not allege their status, whether passengers or guests, at the time of the accident. Petitioner's policy provided that there was no coverage while the insured's automobile was "used as a public or livery conveyance, or used for carrying persons for a charge," with the exception of persons sharing expenses, going to and from work or school. The order for consolidation puts petitioner in an inconsistent position for argument of the status of Collins' riders in the consolidated actions: (1) in the declaratory relief action petitioner would be urging on its own behalf that Collins' riders were passengers "for a charge" within the meaning of the policy; but (2) in defending Collins in the personal injury actions, petitioner would be urging on Collins' behalf that his riders were guests within the meaning of the guest statute, so that Collins would be liable only in the event of proof of wilful misconduct. (Veh. Code, § 403; *Pennix* v. *Winton,* 61 Cal.App.2d 761 [143 P.2d 940, 145 P.2d 561].) The tests for determining these respective issues in the actions thus consolidated would not be the same. A person may be a traveler for "compensation" under the guest law but not necessarily a "passenger" for "consideration" or "for a charge" under an insurance policy. (*Western Mach. Co.* v. *Bankers Indem. Ins. Co.,* 10 Cal.2d 488, 490-491 [75 P.2d 609]; *Porter* v. *Employers etc. Corp., Ltd.,* 40 Cal.App.2d 502, 506-510 [104 P.2d 1087].) Substantially the same evidence might be involved in the adjudication of these issues, but petitioner would be forced into contradictory arguments based upon conflicting testimony, or at least upon conflicting inferences arising from the evidence, with regard to these distinguishable relationships. Moreover, the consolidation would unquestionably confuse the jury in determining under differing tests set out in the instructions the consequences of any particular factual situation which the jury might find to exist.

Petitioner does not now challenge the propriety of respondent's granting a jury trial in the declaratory relief action. ■ The general rule is stated in 13 American Law Reports 2d at page 778: ". . . if the issues of fact arising would have been triable by a jury as of right in an action which might have been substituted for the declaratory judgment action by either party, then there is a right to jury trial on such issues."

■ While *Kaliterna* v. *Wright,* 94 Cal.App.2d 926 [212 P.2d 32], appears to hold that, regardless of the circumstances, the court in a declaratory relief action may dispose of all factual issues without a jury, such view fails to preserve the distinc-

tion between legal and equitable issues, and it must be disapproved. (See *Robinson* v. *Puls,* 28 Cal.2d 664, 665-666 [171 P.2d 430].) ▮ In short, the "courts will not permit the declaratory action to be used as a device to circumvent the right to a jury trial in cases where such right would be guaranteed if the proceeding were coercive rather than declaratory in nature." (15 Cal.Jur.2d, § 43, pp. 172-173; see *Pacific Electric Ry. Co.* v. *Dewey,* 95 Cal.App.2d 69, 71-72 [212 P.2d 255]; *Mallarino* v. *Superior Court,* 115 Cal.App.2d 781, 784 [252 P.2d 993].) ▮ However, petitioner properly complains of the order for consolidation here in that it provides for the trial of both the declaratory relief action and the personal injury actions before the same jury. The fact of Collins' liability insurance would thus be disclosed to the jury which would be determining the issues involved in the personal injury actions, a circumstance which is generally held a matter of prejudice. (See cases collected: 11 So.Cal. L.Rev. 407; 21 So.Cal.L.Rev. 227.) It is therefore clear that the declaratory relief action and the personal injury actions could not be consolidated for trial "without prejudice to a substantial right" of petitioner, and that the trial court abused its discretion in ordering such consolidation.

▮ Mandate lies to control judicial discretion when that discretion has been abused. (*Hays* v. *Superior Court,* 16 Cal.2d 260, 265 [105 P.2d 975]; *Simmons* v. *Superior Court,* 96 Cal.App.2d 119, 132 [214 P.2d 844, 19 A.L.R.2d 288]; *Gromeeko* v. *Superior Court,* 114 Cal.App.2d 754, 757 [251 P.2d 29].) ▮ "In a legal sense discretion is abused whenever in the exercise of its discretion the court exceeds the bounds of reason, all of the circumstances before it being considered." (*Berry* v. *Chaplin,* 74 Cal.App.2d 669, 672 [169 P.2d 453].) ▮ An order of consolidation is not appealable (Code Civ. Proc., § 963) but is reviewable only upon appeal from a subsequent judgment, which remedy would not be adequate under the circumstances above reviewed. (*I.E.S. Corp.* v. *Superior Court,* 44 Cal.2d 559, 564 [283 P.2d 700]; see *Phelan* v. *Superior Court,* 35 Cal.2d 363, 370 [217 P.2d 951].) We therefore conclude that petitioner is entitled to a writ of mandate ordering respondent to sever its declaratory relief action from the personal injury actions.

▮ However, petitioner may not insist that the declaratory relief action be tried first. The entertainment of such action and the granting of declaratory relief are matters within the discretionary power of the court. (Code Civ. Proc.,

§ 1061; *Hannula* v. *Hacienda Homes, Inc.,* 34 Cal.2d 442, 448 [211 P.2d 302, 19 A.L.R.2d 1268].)　　　It is true that it is provided that such actions "shall be set for trial at the earliest possible date and shall take precedence of all other cases, except older matters of the same character and matters to which special precedence may be given by law." (Code Civ. Proc., § 1062a.)　But said section 1062a does not purport to override the discretionary power given to the trial court to "refuse to exercise the power granted by this chapter in any case where its declaration or determination is not necessary or proper at the time under all the circumstances." (Code Civ. Proc., § 1061.)　The trial court therefore had, and still has, the discretion to determine whether the declaratory relief action should be entertained "at the time under all the circumstances."　In the present case, the personal injury actions were at issue and set for trial before the declaratory relief action was at issue.　　　In our view, section 1062a was never intended under such circumstances to compel the trial court to delay the trial of the coercive actions until after the trial of the declaratory relief action merely because the coercive actions might involve the determination of the same or a somewhat similar issue.　Any conclusion to the contrary would permit the use of an action for declaratory relief as a device to delay the trial of any such coercive action previously at issue and set for trial.　We therefore conclude that the trial court could have properly determined in its discretion, and may still determine following the severance, that the granting of declaratory relief is not "necessary or proper at the time under all the circumstances."　There is therefore no basis for the issuance of a writ of mandate commanding the trial court to order the trial of the declaratory relief action prior to the trial of the personal injury actions.

Let a peremptory writ of mandate issue but solely for the purpose of commanding respondent court to sever for trial petitioner's declaratory relief action from the personal injury actions hereinabove discussed.

Gibson, C. J., Shenk, J., Traylor, J., Schauer, J., and McComb, J., concurred.

CARTER, J.—I dissent.

The majority holds that a trial court cannot in the exercise of its discretion consolidate for trial an action by the plaintiff-insurer for declaratory relief to ascertain the rights and lia-

bilities of the insurer and the insured under a policy of public liability insurance on an automobile in which defendant Collins is the insured, with an action by other plaintiffs against Collins for personal injuries suffered by them when riding with Collins in the automobile covered by such policy; that mandamus is the appropriate method for reviewing the consolidation order. It bases that holding on two grounds: (1) That the insurer would be required to take inconsistent positions in that it would argue that the personal injury plaintiffs were passengers for hire and not covered by Collins' policy on the one hand, and, as to the liability of Collins to plaintiffs on the other, that they were mere guests, and wilful misconduct by Collins would have to be shown to establish his liability; (2) that the insurance coverage of Collins would be injected into the personal injury action because of its consolidation with the declaratory relief action contrary to the rule that the existence of insurance should be withheld from the jury. I do not believe that either of these grounds will stand analysis and that in any case mandamus is not the proper remedy.

With respect to the inconsistent positions which it is claimed the consolidation will require the insurer to take, it should be first observed that the majority is itself inconsistent as it arrives at the conclusion of inconsistent positions while at the same time holding that a different test must be applied to determine whether the personal injury plaintiffs were fare-paying passengers and not covered by the policy, and to determine whether plaintiffs were guests, and hence whether negligence or wilful misconduct must be proved.* There being a different test, the insurer is not required to take inconsistent positions. Hence there is no merit in that ground for denying consolidation of the actions.

In addition, however, it should be noted that law suits are not games in which the cleverest mover should prevail. The ultimate factor involved is getting at the true facts and that should not depend on some nice consideration for the contentions that may or may not be made by the opposing parties. The insurer's position should be to urge what the evidence fairly shows. The facts being ascertained, the law must be applied thereto. Suppose the actions were not consolidated,

---

*It has been held (as stated by the majority) that the tests as to the coverage of the policy and whether there is a passenger or guest relationship are different (*Western Mach. Co.* v. *Bankers Indem. Ins. Co.*, 10 Cal.2d 488 [75 P.2d 609]; *Porter* v. *Employers' etc. Corp., Ltd.*, 40 Cal. App.2d 502 [104 P.2d 1087]).

would it be proper for the insurer to argue in one action (declaratory relief) that the policy did not cover the accident because the vehicle was for hire, and in the other, that it was not, and thus plaintiffs were guests and must, therefore, prove wilful misconduct on Collins' part? There would not only be the "embarrassment" of taking inconsistent positions, assuming the positions would be incongruous, but there might be a serious question as to whether both could stand on appeal. As said in *Southern Pac. Co.* v. *City of Los Angeles*, 5 Cal.2d 545, 548 [55 P.2d 847], speaking of two actions tried separately in which different results were reached on substantially the same evidence: "It would be most anomalous for such decisions to stand, reaching diametrically opposite conclusions as to the legal effect of the same occurrence, where the essential facts are similarly presented, and are in most particulars undisputed. The rule that a reviewing court is bound by the findings of the trial court on conflicting evidence cannot apply to a situation such as this, where two lower courts, dealing with substantially the same evidence, have reached different conclusions of law, on the legal issue of whether from this evidence legal responsibility is imposed by the law upon the defendant. It is within the proper function of this court, upon petition for hearing, to eliminate this confusion, and to determine the legal effect of the evidence in both cases." Thus I see nothing more disadvantageous to the insurer in trying the matters together than in trying them separately. If inconsistent positions must be taken, that is because of the situation presented over which none of the parties had control; it was not created by the order for consolidation for trial. It must be remembered that the same evidence, testimony of witnesses (plaintiffs and Collins), as to the nature of the arrangement between them in connection with their presence in Collins' car would be used in both trials or one if there is consolidation. Both parties will have to rely on the same witnesses, and the inconsistency of positions, if there be such, is no greater for the insurer than for the plaintiffs and Collins. If plaintiffs establish only ordinary negligence they will want to urge that there was a passenger-driver rather than guest-host relationship and thus risk having no coverage under the policy. It is not reasonable to suppose that they want to jeopardize any recovery by excluding the insurer as the one who would ultimately have to pay. Yet they make no objection to the consolidation; in fact, they initiated the move to obtain it. All parties will have to do what is required of them in an endeavor

to ascertain the true facts. At least that is a factor which could have been considered by the trial court when it exercised its discretion and consolidated the actions.

In regard to the existence of insurance coming before the jury, it is clear that the insurer took the calculated risk of having that occur. In its action it named plaintiffs as well as Collins defendants and claimed that a jury trial was not proper. It thus made known that plaintiffs were possible claimants in a personal injury action against Collins in which it would be involved, and no doubt it considered that a judgment after a court trial in its favor would end the matter, or in the event it lost, that it could still litigate the issue of Collins' liability to plaintiffs. This considered course of conduct is tantamount to a waiver on its part of the issue of insurance coming into the case. It should have anticipated that with plaintiffs named as defendants along with Collins in its action, the evidence on the issue of insurance coverage and liability would come from Collins and those plaintiffs seeking damages for personal injuries against him, and that the actions would be consolidated to save the duplication of their testimony in two separate trials. Since the insurer's action is one which may be tried by a jury, as held by the majority, and the personal injury plaintiffs were defendants in that action, the jury necessarily would be informed that insurance was involved, it is not reasonable to hold that the insurer has not forfeited any right to have insurance kept out of the consolidated trial. The insurance issue was just as much likely to affect the jury in one case as in the consolidated cases. Moreover, with all the recent publicity that has been given to insurance in automobile accident cases, stressing the effect on premiums for such insurance, it cannot be said that jurors are ignorant on the subject, nor that the insurers want them to be. The claimed danger of injection of insurance into the case has lost much of the sting assumed to exist formerly. In recent widespread publicity jurors have been told generally not to give large awards of damages and to avoid giving any except in the clearest cases. While it is true that in an ordinary personal injury action, with minor exceptions, the existence of insurance is not material to any issue, it must be assumed that the jurors know that all motorists carry insurance. Where actions such as these are consolidated and insurance is material and relevant, the mention of the insurance issue cannot possibly be considered prejudicial to the insurer.

The foregoing discussion of waiver also stands as an answer to the asserted embarrassment of the insurer in taking inconsistent positions. If the positions are inconsistent the insurer has brought it on itself. It should be remembered that inconsistent positions may be taken by a plaintiff in his complaint or by a defendant in the defenses pleaded in his answer and no one is considered to be prejudicially embarrassed thereby. (21 Cal.Jur. 134-136; 9 So.Cal.L.Rev. 388.)

Mandamus should not be granted in this case. There was no palpable abuse of discretion by the trial court. The majority opinion fails to give consideration to all of the factors considered by the trial court when it exercised its admitted discretion and ordered consolidation.

It should first be noted that the basis of the majority finding of abuse of discretion is wholly speculative and conjectural. It is supposed that the evidence will be such that the insurer will have to argue for different results—one as to the insurance policy coverage and the other as to the relation between Collins and the riders in his car. We do not know whether that is true or not because we do not know what the evidence will be; it may be that it will not call for any inconsistent construction. As to the issue of insurance we should not suppose that the jury will not be instructed to ignore the insurance element in considering the liability of Collins to plaintiffs in the personal injury action and that such instructions will be followed. The majority opinion assumes without so stating that there will be no such instructions or at least that the jury will not follow them. None of these things will be known with clarity and certainty until after the consolidated cases are tried. Only then will this court be in a position to ascertain whether there has been a miscarriage of justice. Therefore mandamus is not the proper remedy at this time. The matter may be fairly determined only on appeal from the judgment where the record will disclose what occurred at the trial, and there may not be any claim of error insofar as the question of consolidation is concerned, assuming the insurer and Collins lose in the trial court. If they win, of course, the question is moot.

The witnesses, including Collins, who would be conversant with the arrangement between Collins and plaintiffs are non-residents and hence the difficulty and expense of having their testimony available at two separate trials, if the cases are not consolidated, is patent; yet the majority gives no considera-

tion to that factor in determining whether the trial court abused its discretion.

All of the foregoing matters point unerringly to a proper exercise by the trial court of its discretion. It had to balance those factors in arriving at a decision to consolidate the cases. The majority does not show that the trial court did not weigh the pertinent problems or that its sense of where the merits fell was wanting in reasonableness or propriety.

It is obvious that this case will become the basis for numerous attempts of litigants to control the discretion of trial courts in similar cases and thus interrupt the orderly disposition of business by our greatly overworked trial courts.

I would deny the petition for the writ.