[Civ. No. 19946.   First Dist., Div. Two.   June 18, 1962.]

SAN MARTIN VINEYARDS et al., Plaintiffs and Appellants, v. R. AND W. FLOOR COVERINGS, INC., Defendant and Respondent.

*Assigned by Chairman of Judicial Council.

Bronson, Bronson & McKinnon and Miles A. Cobb for Plaintiffs and Appellants.

Sedgwick, Detert, Moran & Arnold and Andrew J. Collins for Defendant and Respondent.

KAUFMAN, P. J.—This appeal is from a judgment in favor of the respondent following an order sustaining a demurrer without leave to amend. Accepting the allegations of the complaint as true, the facts may be stated as follows:

Plaintiffs-appellants, a copartnership, owned a parcel of improved real property at Lincoln and Auzerais Streets in the City of Santa Clara. On July 20, 1959, appellants leased the premises to the respondent corporation. Before July 24, 1959, appellants warned the respondent of a defect in the sliding door on the rented premises. When respondent took possession of the premises, respondent expressly undertook to repair the door and orally promised to do so. Respondent negligently and carelessly failed to repair the door and failed to warn persons on the premises of the existing defect in the door.

About 5 p. m. on July 24, 1959, one Olsen was injured when the door allegedly fell on him and he died as the result of the injuries so sustained. His heirs then filed an action for wrongful death in Santa Clara County, naming appellants as some of the defendants.

Appellants filed this action for declaratory relief, alleging that a dispute existed between the parties and that if appellants have any liability to the plaintiffs in the Olsen action, appellants are entitled to indemnity and reimbursement of costs and expenses for the defense of the Olsen action from the respondent, pursuant to the above-mentioned promise to repair the door.

Respondent demurred and moved to strike the complaint on the ground that the complaint failed to allege facts sufficient to state a cause of action, that appellants' action was premature, and that the attorney fees and costs are not re-

coverable. The trial court did not rule on the motion to strike but sustained the demurrer without leave to amend.

We have concluded that the trial court properly exercised its discretion pursuant to section 1061 of the Code of Civil Procedure (*State Farm etc. Ins. Co.* v. *Superior Court,* 47 Cal.2d 428, 433 [304 P.2d 13]). The complaint does not state a cause of action for indemnity, either express or implied, but merely alleges the breach of an oral promise to repair. Thus, appellants, as the owners of the property and respondent as the lessee in possession, were joint tortfeasors. The *right of indemnity because of some special relationship or agreement* between two tortfeasors shifts the entire loss upon the one bound to indemnify (*Alisal Sanitary Dist.* v. *Kennedy,* 180 Cal.App.2d 69 [4 Cal.Rptr. 379]). Appellants' complaint discloses no such agreement or special relationship.

We hold that the complaint on its face does not state a cause of action for declaratory relief and further that the trial court was within its discretion in refusing to entertain an action for declaratory relief under the facts of this case.

Judgment affirmed.

Shoemaker, J., and Agee, J., concurred.

A petition for a rehearing was denied July 9, 1962, and appellants' petition for a hearing by the Supreme Court was denied August 15, 1962.