Filed 12/9/24  Rastegar v. Superior Court CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA


| | |
|---|---|
| FARHOUD RASTEGAR, | D084214 |
| Petitioner, | |
| v. | (Super. Ct. No. 19FL015245C) |
| THE SUPERIOR COURT OF SAN DIEGO COUNTY, | |
| Respondent; | |
| MITRA RASTEGAR, | |
| Real Party in Interest. | |


ORIGINAL PROCEEDING on petition for writ of mandate. Alana Robinson, Judge.  Relief granted.

Clemens Warren, Daniel L. Warren; and Dennis G. Temko, for petitioner.

No appearance by Respondent.

Sami M. Haddad, for Real Party in Interest.

This petition arises from a marriage dissolution proceeding and a dispute over what appears to be a corporation's tax return. Petitioner Farhoud Rastegar (Husband) seeks a writ of mandate compelling the trial court to set aside and vacate its orders requiring him to sign a tax return he maintains is false. By allowing Mitra Rastegar (Wife) to select the CPA to prepare the tax return for Husband's corporation, the trial court in effect ordered Wife to prepare a tax return for a corporation in which she neither has an ownership interest nor in which she holds any shares. The trial court's orders cannot be carried out. We grant Husband's petition.

BACKGROUND

I. *Factual Background*

Husband married Wife in 2002. Husband is a dentist who during marriage established two dental practices: one in Mission Valley and one in La Jolla. The practices are owned by a corporation created by Husband, known as the Dr. Rastegar Dental Corporation. Husband is the sole owner and shareholder in the corporation.

Wife is not a dentist but helped manage the practices. In that role, Wife worked with a certified public accountant (CPA), Cuong Le, to maintain the corporation's accounts and prepare its tax returns.

In 2017, Husband developed a brain tumor which prevented him from participating in the practices while he recuperated. At some point, Husband began to believe that Le was assisting Wife in misusing corporate income and preparing fraudulent tax returns.[1]

---

[1] For instance, in the 2021 corporate tax filing Le and Wife listed a $187,638 shareholder loan. However, Husband is the only shareholder and he neither approved the loan nor received any portion of that money.

2

In 2019, Husband filed for divorce. The parties agreed to a stipulated judgment and a division of assets. As part of the settlement, Husband received ownership of the corporation and the Mission Valley dental practice. Wife was awarded the La Jolla practice as her property. However, the La Jolla office remained a part of the corporation. The settlement agreement required Wife to sell or transfer the La Jolla practice within 24 months because she could not own it without a dental license. The agreement also provided that if Wife was unable to sell or transfer the practice in the allowed period, the La Jolla dental office would become the separate property of Husband.

In preparing to file the 2022 tax returns, Husband separately hired his own accountant, Alberto Sosa. Sosa identified several apparent errors and questionable entries in the accounting and tax returns prepared by Le. The parties agreed that Sosa would prepare the corporation's 2022 tax return. Husband also reported Le to "taxing authorities" and then filed a lawsuit against Le, alleging causes of action for fraud, professional negligence, breach of contract, breach of fiduciary duty, and constructive fraud.

## II. Procedural Background

In April 2024, Husband filed a request for order asking the trial court to allow Husband to select a CPA to prepare the corporation's tax returns for the 2023 and 2024 tax years or, alternatively, select a neutral CPA to prepare the returns. Husband explained that he did not trust Le to prepare the tax returns. Wife opposed the request, explaining that she owned the La Jolla practice under the settlement agreement and had a right to select her own CPA. She further explained that to sell the practice, she needed to finalize the 2023 tax return. At an unreported hearing, the trial court agreed with

3

Wife and ordered that she had the right to choose the CPA to prepare the tax return and ordered Husband to sign the return within 30 days of receipt.

Le sent the draft return to the parties in May 2024. Sosa reviewed the returns on behalf of Husband and identified several potential errors and misrepresentations. Based on these issues, Husband refused to sign the return.

Wife then filed an ex parte application for a court order requiring Husband to sign the tax return. She explained again that she accepted an offer to sell the practice, but that the sale could close only after the tax return was filed. In opposition, Husband explained that he was unwilling to sign a tax return under penalty of perjury when he knew it was inaccurate and contained misrepresentations. He also noted that attached to the return was a waiver requiring him to indemnify Le for any liability arising from errors in the tax return. Husband also refused to sign the agreement given the lawsuit he filed was still pending against Le.

Following another unreported hearing, the trial court granted Wife's ex parte application, ordering Husband to sign the tax returns.

In June 2024, Husband filed a petition asking this court to issue a writ of mandate ordering the trial court to vacate its prior orders and enter a new order allowing for the appointment of a third-party CPA to prepare the tax return. In response to Husband's petition, we issued a temporary stay of the trial court's orders and requested Wife file an informal response to Husband's petition.

## DISCUSSION

Husband contends the trial court erred when it ordered him to sign a tax return he believes is erroneous. We agree.

4

To prevail, Husband must show that the trial court abused its discretion when it made the disputed ruling. (*Shaw v. Superior Court* (2022) 78 Cal.App.5th 245, 262; *State Farm Mut. Auto. Ins. Co. v. Superior Court* (1956) 47 Cal.2d 428, 432 ["Mandate lies to control judicial discretion when that discretion has been abused"]; see also *Robbins v. Superior Court* (1985) 38 Cal.3d 199, 205 ["Although mandamus does not generally lie to control the exercise of judicial discretion, the writ will issue 'where, under the facts, that discretion can be exercised in only one way' "].)

Here, Wife was awarded the La Jolla practice pursuant to the stipulated judgment. The court subsequently ruled that Wife could "choose the CPA who prepares the 2023 taxes for the La Jolla practice" and ordered Husband to sign "the 2023 tax return for the dental business awarded to [Wife]." The court erred. The La Jolla practice cannot prepare and file its own tax return because it remains part of Husband's corporation. Indeed, the corporation includes the La Jolla practice's income on its tax return. Husband is the sole shareholder of the corporation and, according to the stipulated judgment, "[a]ll liabilities and obligations, including but not limited to taxes, . . . related to this business" are his responsibility. The court's orders cannot be carried out because there is no separate tax return for the La Jolla practice and Husband is legally entitled to select the CPA he wants to prepare his corporation's tax return.

Additionally, even if the La Jolla office could prepare its own tax return, Husband has a conflict with the CPA chosen by Wife to prepare the filing. Neither the parties nor the trial court have cited any specific authority—and we are aware of none—that would authorize the court to order Husband to sign a tax return prepared by a CPA he is suing (creating

5

an actual conflict) for a corporation that is solely owned and controlled by Husband.

In her informal response, Wife argues that Husband should not be concerned about signing the tax return because the potential for criminal prosecution is speculative and the stipulated judgment includes an indemnification agreement.[2] We disagree. Filing a false tax return carries potential civil and criminal liability (Rev. & Tax. Code, § 19705; 26 U.S.C. §§ 7206, 7207), and any indemnification against the consequence of an illegal act is generally void. (Civ. Code, § 2773 ["An agreement to indemnify a person against an act thereafter to be done, is void, if the act be known by such person at the time of doing it to be unlawful"]

Wife also asserts Husband agreed to sign the tax return as part of the stipulated judgment and he has failed to prove that the prepared return is erroneous. Husband, however, remains willing to sign the corporation's tax return but as it now stands Husband's accountant, Sosa, identified several outstanding problems with Le's draft return.

We conclude that the trial court erred in requiring Husband to sign the draft 2023 tax return. We grant Husband's petition.

---

[2] We grant Husband's unopposed motion to strike Wife's exhibit in support of her informal response. (*Goehring v. Superior Court* (1998) 62 Cal.App.4th 894, 910, fn.5 [absent exceptional circumstances, appellate court will only consider matters part of record below].)

## DISPOSITION

Let a peremptory writ of mandate issue directing the trial court to vacate its May 2 and June 3, 2024 orders and enter an order directing Farhoud Rastegar to select a CPA to prepare the corporation's 2023 tax return.  The stay issued by this court on June 13, 2024, is vacated.  Farhoud Rastegar is entitled to costs in the writ proceeding.  (Cal. Rules of Court, rule 8.493(a)(1)(A).)

RUBIN, J.

WE CONCUR:

IRION, Acting P. J.

DATO, J.

7