Filed 9/18/25  Phillips v. Fidler CA2/7

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| EMIR PHILLIPS,<br><br>    Plaintiff and Appellant,<br><br>    v.<br><br>GARY D. FIDLER et al.,<br><br>    Defendants and Respondents. | B340588<br><br>(Los Angeles County Super. Ct. No. 24STCV05755) |

        APPEAL from orders of the Superior Court of Los Angeles County, Bruce G. Iwasaki, Judge.  Affirmed with directions.
        Emir Phillips, in pro. per., for Plaintiff and Appellant.
        Collinson|Greco, Rebecca Herman; Ross, LLP Eric Lauritsen and Charles Avrith for Defendants and Respondents Barham 22nd Street, LLC and Amanda Robertson.
        Gary D. Fidler & Associates, Gary D. Fidler and Shirin Shojapour for Defendants and Respondents Gary D. Fidler and Gary D. Fidler, APLC.

# INTRODUCTION

Emir Phillips appeals from orders granting motions under Code of Civil Procedure section 425.16 to strike five of his six causes of action against his landlord and the landlord's attorney.[1] Phillips alleged the defendants defamed him and portrayed him in a false light in an unlawful detainer complaint by making false statements about him and publicizing his profile from a professional networking website. We conclude that the five causes of action arose from protected speech or petitioning activity, within the meaning of section 425.16, and that the litigation privilege barred those causes of action. Therefore, we affirm the orders striking them. We also affirm the orders granting the defendants' motions for attorneys' fees under section 425.16, subdivision (c).

## FACTUAL AND PROCEDURAL BACKGROUND

A. *Phillips's Landlord Files an Unlawful Detainer Action Against Phillips*

Phillips rented an apartment from Barham 22nd Street, LLC. In February 2024 Barham 22nd Street (represented by Gary D. Fidler and his law firm, Gary D. Fidler & Associates) filed an unlawful detainer action against Phillips, Hannah Mock, and Elena Escudero. Barham 22nd Street alleged that Phillips violated the terms of his lease by subleasing the apartment to Mock without Barham 22nd Street's consent and that Mock allowed Escudero to live there. Barham 22nd Street also alleged

---

[1] Undesignated statutory references are to the Code of Civil Procedure.

2

Phillips moved out of the apartment in 2019 and was living and working in Arkansas. Barham 22nd Street attached to the complaint a title report showing Phillips and his wife purchased a home in Arkansas in 2019. Barham 22nd Street also attached Phillips's LinkedIn profile,[2] which said he had been a full-time lecturer at the University of Arkansas since 2019. Barham 22nd Street also alleged that Phillips, in his LinkedIn profile, "represented to the world that he is 'DBA JD MBA MSFS ChFC CLU,'" and that, "[i]f DBA is a statement by [Phillips] that he is doing business as 'JD,' this, too, is a false representation, since unless he is licensed to practice law in Arkansas, he has been disbarred by the California State Bar Association." Amanda Robertson verified the unlawful detainer complaint on behalf of Barham 22nd Street.

B. *Phillips Files This Action Against Barham and Fidler*
In March 2024 Phillips filed this action against Barham 22nd Street and Robertson (collectively, Barham) and Fidler and his law firm (collectively, Fidler). Phillips alleged he was "'a highly respected individual in the field of academia.'" He alleged the defendants "engaged in a malicious and intentional campaign to defame [Phillips] and cast him in a false light" by publicizing his LinkedIn page, by falsely stating or implying he was practicing law without a license, and by falsely representing he was a full-time lecturer at the University of Arkansas, which

---

[2] "Founded in 2002, LinkedIn is a professional networking website with over 500 million members. Members post resumes and job listings and build professional 'connections' with other members." (*hiQ Labs, Inc. v. LinkedIn Corp.* (9th Cir. 2022) 31 F.4th 1180, 1185, fn. omitted.)

Phillips alleged was "wholly untrue and damaging to [his] reputation." Phillips further alleged that he, Mock, and Escudero were "all entitled to occupy the [a]partment as tenants." Finally, Phillips alleged the defendants installed security cameras "without obtaining proper consent from the tenants and without regard for their privacy rights." Phillips asserted causes of action for defamation, false light, negligent and intentional infliction of emotional distress, breach of the lease, and violation of the right of privacy.

C. *The Trial Court Grants the Defendants' Special Motions To Strike*

Fidler filed a special motion to strike Phillips's complaint under section 425.16. Barham filed a special motion to strike the first five causes of action for defamation, false light, negligent and intentional infliction of emotional distress, and breach of the lease agreement.

The court granted Fidler's and Barham's motions to strike the first five causes of action. The court ruled that those causes of action were based on protected activity, that Phillips did not establish that Barham's statements were false or misleading or that Phillips suffered any damages, and that Phillips's causes of action were barred by the litigation privilege. The court denied Fidler's motion to strike the sixth cause of action for invasion of privacy based on Barham's installation of security cameras, which the court ruled "does not qualify as protected conduct." The court awarded Fidler $9,500 in attorneys' fees and Barham $6,412.50 in attorneys' fees. Phillips timely appealed from the

4

orders granting the special motions to strike and the motions for attorneys' fees.[3]

## DISCUSSION

A.    *Section 425.16*

Section 425.16, subdivision (b)(1), states that a "cause of action against a person arising from any act of that person in furtherance of the person's right of petition or free speech under the United States Constitution or the California Constitution in connection with a public issue shall be subject to a special motion to strike, unless the court determines that the plaintiff has established that there is a probability that the plaintiff will prevail on the claim."  Section 425.16, subdivision (e), provides an "'act in furtherance of a person's right of petition or free speech under the United States or California Constitution in connection with a public issue' includes: (1) any written or oral statement or writing made before a legislative, executive, or judicial proceeding, or any other official proceeding authorized by law"

---

[3]    On August 21, 2025, while this appeal was pending, the trial court granted Phillips's request to dismiss his complaint against Barham 22nd Street and Robertson.  The trial court, however, did not have jurisdiction to dismiss the complaint once Phillips filed his notice of appeal.  (See § 916, subd. (a) ["the perfecting of an appeal stays proceedings in the trial court upon the judgment or order appealed from or upon the matters embraced therein or affected thereby"]; *Curtin Maritime Corp. v. Pacific Dredge & Construction, LLC* (2022) 76 Cal.App.5th 651, 665 [trial court lacked jurisdiction to dismiss the complaint while an appeal from an order denying a special motion to strike under section 425.16 was pending].)

5

and "(2) any written or oral statement or writing made in connection with an issue under consideration or review by a legislative, executive, or judicial body, or any other official proceeding authorized by law."  "Section 425.16 'provides a procedure for weeding out, at an early stage, *meritless* claims arising from protected activity.'" (*Newport Harbor Ventures, LLC v. Morris Cerullo World Evangelism* (2018) 4 Cal.5th 637, 642; see *Zhang v. Jenevein* (2019) 31 Cal.App.5th 585, 592.)

Courts use a two-step process to evaluate special motions to strike under section 425.16.  "First, 'the moving defendant bears the burden of establishing that the challenged allegations or claims "aris[e] from" protected activity in which the defendant has engaged.' [Citation.]  Second, for each claim that does arise from protected activity, the plaintiff must show the claim has 'at least "minimal merit."' [Citation.]  If the plaintiff cannot make this showing, the court will strike the claim." (*Bonni v. St. Joseph Health System* (2021) 11 Cal.5th 995, 1009; see *Park v. Board of Trustees of California State University* (2017) 2 Cal.5th 1057, 1061; *Norman v. Ross* (2024) 101 Cal.App.5th 617, 646.) We review de novo an order granting or denying a special motion to strike under section 425.16. (*Bonni*, at p. 1009; *Norman*, at p. 646.)

B.     *The Trial Court Did Not Err in Granting Barham's and Fidler's Special Motions To Strike*

1.     *Phillips's Causes of Action Arise from Protected Activity*

As discussed, at the first step of the analysis under section 425.16 the defendant must establish the challenged

6

claims arise from protected activity. (See *Bonni v. St. Joseph Health System*, *supra*, 11 Cal.5th at p. 1009 [the "defendant's burden is to identify what acts each challenged claim rests on and to show how those acts are protected under a statutorily defined category of protected activity"].) Barham and Fidler argue Phillips's causes of action are based on Barham's and Fidler's conduct in filing the unlawful detainer action against Phillips and making the allegations in the complaint, conduct they argue is protected activity under section 425.16, subdivision (e)(1) and (2). Barham and Fidler are correct.

Section 425.16 protects "communicative conduct such as the filing, funding, and prosecution of a civil action. [Citation.] This includes qualifying acts committed by attorneys in representing clients in litigation." (*Rusheen v. Cohen* (2006) 37 Cal.4th 1048, 1056.) "The prosecution of an unlawful detainer action indisputably is protected activity within the meaning of section 425.16." (*Birkner v. Lam* (2007) 156 Cal.App.4th 275, 281; accord, *Moriarty v. Laramar Management Corp.* (2014) 224 Cal.App.4th 125, 133.)

Phillips's first five causes of action arise from Barham's prosecution of the unlawful detainer action filed by Fidler. In the causes of action for defamation, false light, and negligent and intentional infliction of emotional distress, Phillips challenges Barham's statements in the unlawful detainer complaint that Phillips was practicing law without a license and that he was a full-time lecturer at the University of Arkansas. He also complains Barham publicized his LinkedIn page by attaching it as an exhibit to the complaint. All of these communicative acts, however, are protected activity under section 425.16, subdivision (e)(1) (statements "made before a . . . judicial

7

proceeding") and (2) (statements "made in connection with an issue under consideration or review by a . . . judicial body"). In Phillips's fifth cause of action he alleges the defendants "breached the Lease Agreement by attempting to evict" Phillips, Mock, and Escudero "without legal basis." That cause of action also arises from protected activity. (See *Feldman v. 1100 Park Lane Associates* (2008) 160 Cal.App.4th 1467, 1480 ["filing of an unlawful detainer action" and service "of the three-day notice to quit" are "protected activity within the meaning of section 425.16"].)[4]

Phillips argues section 425.16 does not apply because the conduct of Barham and Fidler was "illegal." Phillips relies on *Flatley v. Mauro* (2006) 39 Cal.4th 299, where the Supreme Court held that where "the defendant concedes, or the evidence conclusively establishes, that the assertedly protected speech or petition activity was illegal as a matter of law, the defendant is precluded from using [section 425.16] to strike the plaintiff's action." (*Id.* at p. 320.) In *Flatley* the Supreme Court concluded the defendant's conduct was not protected activity because it constituted "criminal extortion as a matter of law." (*Id.* at p. 330.)

The exception articulated by the Supreme Court in *Flatley v. Mauro, supra*, 39 Cal.4th 299 does not apply here. To be "illegal" for purposes of section 425.16, the conduct must be

---

[4]     Phillips argues the trial court erred in dismissing his "right to privacy claims" based on the "unauthorized and targeted installation of surveillance cameras directed at" Phillips's apartment. As discussed, however, the trial court denied Fidler's motion to strike Phillips's sixth cause of action for breach of privacy based on Barham's installation of security cameras.

8

"criminal, not merely a violation of a statute." (*Towner v. County of Ventura* (2021) 63 Cal.App.5th 761, 771; see *Ross v. Seyfarth Shaw LLP* (2023) 96 Cal.App.5th 722, 740 [courts "have interpreted 'illegality' as used in *Flatley* as limited to violations of *criminal* law"]; *Collier v. Harris* (2015) 240 Cal.App.4th 41, 55 [illegal "in this context refers to criminal conduct; merely violating a statute is not sufficient"].) Phillips asserts Barham and Fidler committed a crime when they changed the locks on Phillips's apartment in February 2025 (seven months after the trial court granted the special motions to strike under section 425.16). But Phillips's lawsuit did not challenge the lockout (which had not yet occurred); as discussed, the lawsuit challenged the filing by Barham and Fidler of the unlawful detainer complaint and the contents of that complaint. Phillips does not suggest that conduct was illegal.

> 2. *Phillips Did Not Show a Probability of Success Because His Causes of Action Are Barred by the Litigation Privilege*

At the second step of the analysis under section 425.16 "the burden shifts to the plaintiff to demonstrate the merit of the claim by establishing a probability of success." (*Baral v. Schnitt* (2016) 1 Cal.5th 376, 384.) Barham and Fidler argue Phillips did not show a probability of success because the litigation privilege is "an absolute affirmative defense" to Phillips's causes of action. Barham and Fidler are correct again.

"The litigation privilege is 'relevant to the second step in the [section 425.16] analysis in that it may present a substantive defense a plaintiff must overcome to demonstrate a probability of prevailing.'" (*Contreras v. Dowling* (2016) 5 Cal.App.5th 394,

415; see *Flatley v. Mauro, supra,* 39 Cal.4th at p. 323.) """A plaintiff cannot establish a probability of prevailing if the litigation privilege precludes a defendant's liability on the claims."""" (*Optional Capital, Inc. v. Akin Gump Strauss, Hauer & Feld LLP* (2017) 18 Cal.App.5th 95, 115; see *Bergstein v. Stroock & Stroock & Lavan LLP* (2015) 236 Cal.App.4th 793, 814.) Under Civil Code section 47, subdivision (b), a "privileged publication or broadcast is one made" in any "judicial proceeding." The litigation privilege applies "'to any communication (1) made in judicial or quasi-judicial proceedings; (2) by litigants or other participants authorized by law; (3) to achieve the objects of the litigation; and (4) that have some connection or logical relation to the action.'" (*Contreras*, at p. 415; accord, *Geragos v. Abelyan* (2023) 88 Cal.App.5th 1005, 1031.) The litigation privilege applies to "all torts except malicious prosecution." (*Rusheen v. Cohen, supra,* 37 Cal.4th at p. 1057; accord, *Geragos*, at p. 1031.)

Phillips's causes of action for defamation, false light, and negligent and intentional infliction of emotional distress are based on the defendants' conduct in filing the unlawful detainer action and on the contents of the complaint. The litigation privilege bars those causes of action. (See *Action Apartment Assn., Inc. v. City of Santa Monica* (2007) 41 Cal.4th 1232, 1249 ["We contemplate no communication that is more clearly protected by the litigation privilege than the filing of a legal action."]; *Rubin v. Green* (1993) 4 Cal.4th 1187, 1195 ["we can imagine few communicative acts more clearly within the scope of the [litigation] privilege than . . . filing the complaint and subsequent pleadings in the litigation"]; see also *Rusheen v. Cohen, supra,* 37 Cal.4th at p. 1058 [the "'[p]leadings and process

10

in a case are generally viewed as privileged communications'"]; *Herterich v. Peltner* (2018) 20 Cal.App.5th 1132, 1139 [same].)

The litigation privilege also bars Phillips's fifth cause of action for breach of the lease agreement. "'[W]hether the litigation privilege applies to an action for breach of contract turns on whether its application furthers the policies underlying the privilege.'" (*McNair v. City and County of San Francisco* (2016) 5 Cal.App.5th 1154, 1169; see *Wentland v. Wass* (2005) 126 Cal.App.4th 1484, 1492.) Those policies are to "'ensure free access to the courts, promote complete and truthful testimony, encourage zealous advocacy, give finality to judgments, and avoid unending litigation.'" (*McNair*, at p. 1169; see *Wentland*, at p. 1492.)

In *Feldman v. 1100 Park Lane Associates*, *supra*, 160 Cal.App.4th 1467, a case similar to this one, the court concluded applying the litigation privilege to a cause of action for breach of an addendum to a rental agreement furthered the policies underlying the privilege. The landlord in that case filed an unlawful detainer complaint, and the tenants filed a cross-complaint. (*Id.* at p. 1473.) The court held the litigation privilege barred the tenants' cause of action for breach of contract because the core of their case was "that they were lawfully in possession of the premises as subtenants approved by" the landlord and that the landlord "harassed them with threats of eviction, initiated an unlawful detainer action, and forced them to leave. The same communicative conduct formed the basis for the tort and breach of contract causes of action . . . ." (*Id.* at p. 1497.) Similarly, in Phillips's cause of action for breach of contract, he alleged Barham and Fidler breached the lease agreement by "attempting to evict" Phillips "without legal basis." As was the case in

11

*Feldman*, Phillips's breach of contract cause of action is based on communicative conduct protected by the litigation privilege. (See *Rubin v. Green*, *supra*, 4 Cal.4th at p. 1195.) Applying the privilege to that cause of action "furthers the policy of allowing access to the courts without fear of harassing derivative actions." (*Feldman*, at p. 1498.)

Phillips's arguments why the litigation privilege does not apply are meritless. First, Phillips argues the litigation privilege does not apply to statements that are false or "made with actual malice." The law is to the contrary. The "litigation privilege is absolute and applies regardless of malice." (*Rusheen v. Cohen*, *supra*, 37 Cal.4th at p. 1063.) Communications "made in connection with litigation do not necessarily fall outside the privilege simply because they are, or are alleged to be, fraudulent, perjurious, unethical, or even illegal." (*Kashian v. Harriman* (2002) 98 Cal.App.4th 892, 920; see *Herterich v. Peltner*, *supra*, 20 Cal.App.5th at p. 1141 ["the litigation privilege extends to fraudulent statements, even when made to a court, if they were made in furtherance of litigation"]; *People ex rel. Gallegos v. Pacific Lumber Co.* (2008) 158 Cal.App.4th 950, 958 [litigation privilege applies to any communication having some relation to a judicial proceeding, "irrespective of the communication's maliciousness or untruthfulness"].)

Second, Phillips argues the litigation privilege does not apply because Phillips's LinkedIn page and the defendants' allegedly false statements about Phillips "had no legal relevance" to the unlawful detainer action and were "extraneous." For the litigation privilege to apply, the communications must be "'logically related' to the litigation" (*Kashian v. Harriman*, *supra*, 98 Cal.App.4th at p. 920), which they were here. The question

12

whether a communication is logically related to the litigation usually arises where a litigant claims the litigation privilege protects an out-of-court statement, not a statement made in a pleading.  (See, e.g., *Timothy W. v. Julie W.* (2022) 85 Cal.App.5th 648, 662-663 [wife's disclosure of information about her husband to an investigator and the investigator's disclosure of that information to others were privileged because the disclosures "were made to achieve the goals of" marital dissolution proceedings and had "a connection to the subject matter" of those proceedings]; *Action Apartment Assn., Inc. v. City of Santa Monica, supra,* 41 Cal.4th at p. 1251 [prelitigation communication is privileged "when it relates to litigation that is contemplated in good faith and under serious consideration"].) "Admittedly, a 'logical-relation" test is necessary to determine whether a publication made *outside* the court is sufficiently connected with the judicial proceeding to be deemed in it.  It is less obvious that such a test should be applied to communications made *in* a judicial proceeding in light of the absolute wording of the statutory privilege."  (*Sacramento Brewing Co. v. Desmond, Miller & Desmond* (1999) 75 Cal.App.4th 1082, 1087-1088; see *Kashian*, at p. 920 [the "communications in this case were not only related to the litigation, they *were* the litigation, or more accurately the pleadings in the litigation"].)

And even if a statement in a pleading could be so unrelated to the litigation that the litigation privilege did not apply, none of the statements in Barham's complaint would fall into that category.  A statement made in a judicial proceeding is privileged if it "has some reasonable relevancy to the subject matter of the action."  (*Silberg v. Anderson* (1990) 50 Cal.3d 205, 220; accord, *Neville v. Chudacoff* (2008) 160 Cal.App.4th 1255, 1266.)

13

A privileged statement "'need not be relevant, pertinent or material to any issue before the tribunal; it need only have some connection or some relation to the judicial proceeding.'" (*Laker v. Board of Trustees of California State University* (2019) 32 Cal.App.5th 745, 770.) Barham's statements met that low bar.

Barham's theory in the unlawful detainer action was that Phillips moved to Arkansas, subleased the apartment without Barham's permission, and lied to Barham about who was living in the apartment. Barham submitted Phillips's LinkedIn profile to show Phillips was living and working in Arkansas. Barham did allege that, if "DBA JD" meant Phillips was doing business as a lawyer, Phillips's statement was false (because, presumably, a disbarred attorney cannot "do business as" a practicing attorney). While Barham's reading of this statement in Phillips's LinkedIn profile was questionable and not very probative of whether Phillips breached the lease by subleasing, the allegation still had some connection or relation to the unlawful detainer action because it was relevant to Barham's contention Phillips was dishonest.[5]

C.      *The Trial Court Did Not Err in Awarding Attorneys' Fees to Barham and Fidler*

A prevailing defendant on a special motion to strike is entitled to an award of attorneys' fees. (§ 425.16, subd. (c); *Ketchum v. Moses* (2001) 24 Cal.4th 1122, 1131; *Frym v.*

---

[5]      Phillips argues the trial court erred in excluding several of his documents because they were not authenticated. We do not reach this issue because the trial court, after stating the evidence was inadmissible, nonetheless considered it.

*601 Main Street LLC* (2022) 82 Cal.App.5th 613, 619.)  The trial court calculates the amount of attorneys' fees under section 425.16, subdivision (c), using the lodestar method.  (See *Ketchum*, at pp. 1131-1132; *Frym*, at p. 620.)  "Under the lodestar method, the trial court 'tabulates the attorney fee touchstone, or lodestar, by multiplying the number of hours reasonably expended by the reasonable hourly rate prevailing in the community for similar work.'" (*Frym*, at p. 621; see *569 East County Boulevard LLC v. Backcountry Against the Dump, Inc.* (2016) 6 Cal.App.5th 426, 432.)  "We review the trial court's determination of the award for abuse of discretion and will not set aside the award "'absent a showing that it is manifestly excessive in the circumstances.'"" (*Marshall v. Webster* (2020) 54 Cal.App.5th 275, 285; see *Ketchum*, at p. 1130.)  "'The reasonableness of attorney fees is within the discretion of the trial court, to be determined from a consideration of such factors as the nature of the litigation, the complexity of the issues, the experience and expertise of counsel and the amount of time involved.'" (*Russell v. Foglio* (2008) 160 Cal.App.4th 653, 661; see *Frym*, at p. 621.)

Phillips argues that the fee request by counsel for Fidler, Russell Berney, lacked "detailed time entries," that the number of hours Berney requested was unreasonable, and that his hourly rate was excessive.  The trial court agreed Berney's requested hourly rate of $950 was excessive and reduced it to $475 based on the court's "knowledge of the market for comparable legal services in the community."  Berney requested a total of 20 hours: 15 hours for preparing the motion to strike, four hours for reviewing the opposition and preparing the reply, and one hour for attending the hearing.  The trial court found the amount of

15

time Berney spent was reasonable and awarded 20 hours at the hourly rate of $475 for a total of $9,500. The trial court did not abuse its discretion in reducing Berney's reasonable hourly rate to $475 or in determining 20 hours was a reasonable amount of time to spend on the motion. (See *The Kennedy Com. v. City of Huntington Beach* (2023) 91 Cal.App.5th 436, 466 [""California courts do not require detailed time records, and trial courts have discretion to award fees based on declarations of counsel describing the work they have done and the court's own view of the number of hours reasonably spent.""]; *569 East County Boulevard LLC v. Backcountry Against the Dump, Inc.*, *supra*, 6 Cal.App.5th at pp. 436-437 ["the trial court is in the best position to value the services rendered by the attorneys in his or her courtroom [citation], and this includes the determination of the hourly rate that will be used in the lodestar calculus"]; *Syers Properties III, Inc. v. Rankin* (2014) 226 Cal.App.4th 691, 700 ["the trial judge . . . was well able to evaluate whether the time expended by counsel in this case, given its complexity and other factors, was reasonable"].) Twenty hours for a special motion to strike is pretty reasonable.

Phillips argues the trial court erred in awarding fees to Barham because, according to Phillips, Barham never filed a special motion to strike under section 425.16. But Barham did, and it requested attorneys' fees for 13.5 hours—10 hours at the hourly rate of $475 and 3.5 hours at the hourly rate of $750. The trial court found that the amount of time Barham's attorneys spent was "extremely reasonable," but that the hourly rate of $750 was excessive. The court awarded 13.5 hours at an hourly rate of $475, for a total of $6,412.50. Phillips does not argue

16

either the number of hours or the hourly rate of $475 was excessive.

Phillips also argues neither Barham nor Fidler "properly requested" attorneys' fees. But they did. Barham and Fidler requested attorneys' fees in their special motions to strike under section 425.16. (See *Christian Research Institute v. Alnor* (2008) 165 Cal.App.4th 1315, 1320 ["defendant may claim fees and costs either as part of the . . . motion itself or . . . through the filing of a subsequent motion or cost memorandum"]; see also *Catlin Ins. Co., Inc. v. Danko Meredith Law Firm, Inc.* (2022) 73 Cal.App.5th 764, 773 [a defendant may "seek an attorney fee and cost award at the same time as the special motion to strike is litigated"].)

Phillips asserts the trial court awarded fees without giving Phillips an opportunity to respond to the fee requests or holding a hearing. That's not what happened. Phillips could have challenged the fee requests in his opposition to Fidler's special motion to strike[6] or at the hearing on the motions, where Phillips appeared and represented himself. Before the hearing the court issued a tentative ruling that included an award of attorneys' fees. At the hearing Berney raised the issue of attorneys' fees, arguing the court should not reduce his hourly rate. Phillips had the opportunity to respond.

Phillips also contends the trial court awarded fees "[w]ithout a finding that any party was a prevailing defendant." That did not happen either. In its minute order the court stated that, because Fidler "successfully struck the first through fifth and a portion of the sixth" causes of action, he was "entitled to mandatory fees as prevailing party." Similarly, the court stated

---

[6]     It is not clear whether Phillips filed an opposition to Barham's special motion to strike.

17

Barham "completely prevailed" on its special motion to strike by "successfully striking the first through fifth causes of action."

Finally, Phillips argues the trial court abused its discretion in awarding attorneys' fees without considering his "financial status." Phillips cites no authority for his contention the court should consider the plaintiff's financial status when awarding attorneys' fees under section 425.16, subdivision (c). In any event, Phillips forfeited the argument by not raising it in the trial court. (See *Bitner v. Department of Corrections & Rehabilitation* (2023) 87 Cal.App.5th 1048, 1065 ["Having failed to raise or develop this issue in the trial court, plaintiffs cannot raise the issue for the first time on appeal."]; *Howitson v. Evans Hotels, LLC* (2022) 81 Cal.App.5th 475, 489 ["the failure to raise an issue in the trial court typically forfeits on appeal any claim of error based on that issue"].)

D.      *We Do Not Have Jurisdiction To Review Phillips's Challenge to the Order Denying His Motion To Consolidate*

In his opening brief Phillips argues the trial court erred in denying his motion under section 1048 to consolidate this action with the unlawful detainer action. Though we liberally construe a notice of appeal (*K.J. v. Los Angeles Unified School District* (2020) 8 Cal.5th 875, 882; Cal. Rules of Court, rule 8.100(a)(2)), Phillips's notice of appeal, even liberally construed, does not mention any orders other than the orders granting the special motions to strike and the motions for attorneys' fees. "While a notice of appeal must be liberally construed, it is the notice of appeal that defines the scope of the appeal by identifying the particular judgment or order being appealed." (*Morton v. Wagner*

18

(2007) 156 Cal.App.4th 963, 967.) "[I]t is well 'beyond liberal construction' to view an appeal from one order as an appeal from a 'further and different order.'" (*Baker v. Castaldi* (2015) 235 Cal.App.4th 218, 225-226; see *Filbin v. Fitzgerald* (2012) 211 Cal.App.4th 154, 173 ["policy of liberally construing a notice of appeal in favor of its sufficiency [citation] does not apply if the notice is so specific it cannot be read as reaching a judgment or order not mentioned at all"].) And even if Phillips had included in his notice of appeal the order denying his motion to consolidate, such an order is not appealable. (See § 904.1; *State Farm Mut. Auto. Ins. Co. v. Superior Court* (1956) 47 Cal.2d 428, 432 [an "order of consolidation is not appealable"].)[7]

## DISPOSITION

The orders granting the special motions to strike and the requests by Barham and Fidler for attorneys' fees are affirmed. The trial court is directed to vacate its order dismissing Phillips's complaint against Barham. Barham and Fidler are to recover their costs on appeal.

SEGAL, J.

We concur:

MARTINEZ, P. J.        STONE, J.

---

[7] Phillips's requests in his reply brief that we review the trial court's post-appeal rulings on various matters and that we assign the case to a different judge are denied.

19